1  David Grabill, SBN 46758
   1930 Alderbrook Lane
2  Santa Rosa, CA 95405
   Voice: (707) 528 6839  Fax: (707) 780 1585
3
   Edie Sussman, SBN 101432
4  Law Offices of Sussman & Ziskin
   719 Orchard Street
5  Santa Rosa, CA 95404
   Voice: (707) 523-7033  Fax: (707) 573-1094
6
   Jeffery Hoffman, SBN 118768
7  California Rural Legal Assistance
   725 Farmers Lane, #10
8  Santa Rosa, CA 95405
   Voice: (707) 528-9941  Fax: (707) 528-0125
9
   Ilene J. Jacobs, SBN 126812
10 California Rural Legal Assistance, Inc.
   511 D Street;
11 Post Office Box 2600
   Marysville, CA 95901
12 Voice: (530) 742 7235   Fax: (530) 741 0854

13 Attorneys for Plaintiffs

14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17

18

19 DOLORES A. CALLAHAN, ALICE E.        CASE NO. C 06 03353 MEJ
   McADAMS and KEVIN VOORHES,           Civil Rights
20
                                        COMPLAINT FOR INJUNCTIVE
21 Plaintiffs,                          RELIEF AND DAMAGES:
                                        DENIAL OF CIVIL RIGHTS OF A
22 v.                                   DISABLED PERSON IN VIOLATION OF
                                        THE AMERICANS WITH
23 HOUSER HOLDINGS, LLC, dba            DISABILITIES ACT OF 1990, AND
   SONOMA GROVE, TERESA                 IN VIOLATION OF CALIFORNIA'S
24 THURMAN, and DOES 1-25, Inclusive,   DISABLED RIGHTS STATUTES
25 Defendants.                          DEMAND FOR JURY TRIAL

26

27

28                                  1
                             **COMPLAINT**

1    Plaintiffs DOLORES A. CALLAHAN, KEVIN VOORHES and ALICE E. McADAMS

2    complain of defendants HOUSER HOLDINGS, LLC, dba SONOMA GROVE, TERESA

3    THURMAN, and DOES 1-25, Inclusive, (hereafter "defendants"), and allege as follows:

4                                    INTRODUCTION

5        1. Plaintiffs KEVIN VOORHES, ALICE E. McADAMS, and DOLORES A.

6    CALLAHAN are physically disabled persons who have been denied accessible accommodations

7    as residents at a mobile home and recreational vehicle park known as "Sonoma Grove," located

8    at Rohnert Park, California, which is owned and operated by defendants  HOUSER HOLDINGS,

9    LLC, dba SONOMA GROVE; TERESA THURMAN; and DOES 1-25.  Plaintiffs have been

10   denied full and equal access rights to use of the public facilities at Sonoma Grove, including

11   showers and toilets, parking and other facilities.

12       2.  Because the defendants failed to provide any and/or a sufficient number of accessible

13   showers and toilets usable by disabled persons and failed to provide proper accessible parking;

14   and failed to comply with existing federal and California laws protecting disabled persons against

15   architectural barriers and facilities discrimination, plaintiffs have been denied their rights under

16   federal and California law. Because defendants failed to provide properly accessible facilities in

17   violation of both federal and California legal requirements, plaintiffs have suffered violation of

18   their Civil Rights to full and equal access, have been embarrassed and humiliated, suffered

19   physical and personal injury, and suffered statutory and general damages. Plaintiffs seek

20   injunctive relief requiring provision of access under the Americans With Disabilities Act of

21   1990, §308(a), and injunctive relief and damages under California law.

22       3. Each of the defendants has by their actions and failure to take action owned and

23   maintained and/or operated and/or leased a public facility in a manner which violated the Civil

24   Rights of persons with physical disabilities: At all times herein mentioned, defendants failed to

25   provide "full and equal access" as required by law. Defendants maintained and continue to

26   maintain public accommodations facilities which illegally deny full and equal access to plaintiffs

27   and other physically disabled persons by failing to have a sufficient number of properly

28
                                          2
                                     **COMPLAINT**

1  configured accessible bathrooms, showers and other facilities, and accessible and van-accessible

2  parking, including accessible path of travel, although such facilities are available to and usable by

3  non-disabled persons. The acts and omissions of all defendants, and each of them, combined to

4  cause the damages plaintiffs have asserted herein.

5        4. Defendants were and are required by law to provide accessible showers, restrooms and

6  other facilities and amenities in Sonoma Grove on each occasion that "construction" and/or

7  "alterations, structural repairs or additions" were performed to such facilities pursuant to legal

8  standards then in effect, per California Health & Safety Code §§ 19955-19959. Further,

9  defendants have failed to provide properly configured and located disabled accessible and van-

10  accessible parking spaces at Sonoma Grove, and have failed to provide an accessible route

11  between the office, the parking and the plaintiffs' trailers. All such accessible facilities were also

12  required under the "readily achievable" standards of § 301(9) and § 302 of Title III of the

13  Americans With Disabilities Act of 1990 (hereinafter sometimes "ADA"), as alleged in the Third

14  Cause of Action, hereinbelow.

15        5. Plaintiffs seek damages for the continuing violation of their Civil Rights; plaintiffs also

16  request that this Court grant injunctive relief, requiring the defendants to comply with both

17  California and United States laws requiring access for the physically disabled so long as

18  defendants continue to operate Sonoma Grove as a public facility.

19                    JURISDICTION AND VENUE

20        6. This Court has jurisdiction of this action pursuant to 28 U.S.C. 1331 for violations of

21  the Americans with Disabilities Act of 1990, 42 U.S.C. 12101, et seq. The Court has

22  supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367  because

23  these claims are so related to the federal claims in this action that they form part of the same case

24  or controversy under Article III of the United States Constitution.

25        7. Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is founded on the fact

26  that the public facility which is the subject of this action is located in this district and that

27  plaintiffs' causes of action arose in this district.

28

8. The case should be assigned to the Oakland/San Francisco intradistrict as the real property which is the subject of this action is located in the Oakland/San Francisco intradistrict and plaintiffs' causes of action arose in the Oakland/San Francisco intradistrict.

PARTIES

9. Plaintiff KEVIN VOORHES is a "qualified" "physically handicapped" or "physically disabled" person, who suffers from the effects of a brain injury which has left him with serious mobility and balance impairments.  At all times relevant herein, he has resided in his small trailer located in Sonoma Grove at 21 Anne Street. which has no toilet or shower.  Plaintiff DOLORES A. CALLAHAN is a "qualified" "physically handicapped" or "physically disabled" person, who suffers from degenerative arthritis in both legs, partial blindness and other health conditions which limit her mobility.  At all times relevant herein, she has resided in a small trailer located in Sonoma Grove at 27 Anne Street. Plaintiff ALICE E. McADAMS is a "qualified" "physically handicapped" or "physically disabled" person, who suffers from a degenerative hip condition and who has been undergoing treatment for cancer.  These health conditions severely limit her mobility and balance.  At all times relevant herein, she has resided in her trailer located in Sonoma Grove at 2 Anne Street. Each plaintiff is qualified to use disabled accessible and van-accessible parking spaces, and is entitled to request and be given use of legally required disabled accommodations.

10. Plaintiffs are informed and believe and thereon allege that Sonoma Grove is owned, operated, and leased by (or to) HOUSER HOLDINGS, LLC, dba SONOMA GROVE; TERESA THURMAN; and DOES 1-25, Inclusive, and that each of these defendants is the agent, ostensible agent, alter ego, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, partner, associate, parent company, subsidiary, department, representative, agency, agent, or such similar capacity, of each of the other defendants, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, alter ego, master, servant, employer, employee, representative, franchiser, franchisee, joint venturer, partner, associate, parent company,

1   subsidiary, department, representative, agency, or such similar capacity, and with the

2   authorization, consent, permission or ratification of each of the other defendants, and is

3   responsible in some manner for the acts and omissions of the other defendants in proximately

4   causing the violations and damages complained of herein, and have approved or ratified each of

5   the acts or omissions of each other defendant, as herein described.

6       11. At all relevant times, defendant HOUSER HOLDINGS, LLC, dba SONOMA

7   GROVE, TERESA THURMAN, and DOES 1-25, inclusive, were and are the owners, operators,

8   lessors and/or lessees of Sonoma Grove, located at 7450 Cristobal Way in Rohnert Park,

9   California, and its facilities.  Sonoma Grove  is a large mobile home and recreational vehicle

10  park, containing more than 150 spaces available for rent to the general public for overnight or

11  longer use by recreational vehicles.  The parking,  paths of travel, showers, toilets and other

12  facilities are each a "public accommodation or facility" subject to the requirements of California

13  Health & Safety Code §19955 et seq. and of the California Civil Code, §§ 54, 54.1, and 54.3. At

14  all times relevant to this complaint, defendants hold these facilities open to public use. Sonoma

15  Grove is a "business establishment," subject to the requirements of California Civil Code §§ 51

16  and 52. Sonoma Grove is also "public accommodations" or "commercial facilities" subject to the

17  requirements of §§ 301, 302 and 303 of the Americans with Disabilities Act of 1990.

18                          FACTUAL STATEMENT

19      12. Sonoma Grove commenced operation in the early 1970's to provide accommodations

20  for campers, recreational vehicles and mobile homes occupied by students at the newly

21  established Sonoma State University located nearby in Rohnert Park.  Spaces at Sonoma Grove

22  were rented on a month to month basis to students at Sonoma State and Santa Rosa Junior

23  College. Sonoma Grove provided common area facilities to persons living at the park, including

24  bathrooms, showers, bath tubs, toilets, sinks, a recreation room and other amenities.

25      13. On information and belief, in late 2005, Sonoma Grove was sold by its original owner

26  or owners to defendant HOUSER HOLDINGS, LLC dba SONOMA GROVE.  Shortly after

27  acquiring Sonoma Grove, the new owner opened the park to the general public as temporary

28

1    accommodations for members of the public traveling in recreational vehicles.  They advertise this

2    use on their website (http://www.campingfriend.com/WineCountryRVParkSonomaGrove/) as

3    well as in printed media.

4        14. On information and belief, defendants own and/or operate facilities in Lake County

5    and Mendocino County similar to Sonoma Grove where spaces are rented for occupancy by

6    mobile homes and recreational vehicles.  These other facilities are subject to the same

7    accessibility requirements as are applicable to Sonoma Grove, but have no restrooms and

8    showers which are accessible to persons with severe mobility impairments, no parking spaces

9    fully accessible for physically disabled users, and other violations of accessibility requirements of

10   state and federal law.

11       15.  Sonoma Grove is required by law to have parking spaces fully accessible for

12   physically disabled users, but has none.

13       16.  Sonoma Grove is required by law to have showers, toilets, and other restroom

14   facilites fully accessible for physically disabled users, but has none.

15       17.  Sonoma Grove is required by law to have common areas fully accessible for

16   physically disabled users, but not all of its common areas are fully accessible.

17       18. The "removal" of the described barriers to use by disabled persons, and of other

18   barriers which, on information and belief, also currently exist on the Sonoma Grove premises,

19   was "readily achievable" under the standards of §301(9) of the Americans With Disabilities Act

20   of 1990 [42 U.S.C. §12181] at all times herein relevant. The removal of all such barriers was also

21   required by §303 of the ADA [42 U.S.C. §12183] and by California law.

22       19. On information and belief, defendants continue to the present date to deny "full and

23   equal access" to plaintiffs and to all other disabled persons, in violation of California law,

24   including Health & Safety Code §19955 et seq., Civil Code §§ 54 and 54.1, and Title 24 of the

25   California Code of Regulations (a.k.a. California Building Code). Further, each such denial of

26   access to disabled persons also violates the requirements of Title III of the federal Americans

27   With Disabilities Act of 1990, §301, et seq. [42 U.S.C. §12181, et seq.].

28

20. On information and belief, Sonoma Grove has, since July 1, 1970,undergone "alterations, structural repairs, and additions," each of which has subjected this facility to disabled access requirements per §19959 Health & Safety Code, and since July 1, 1982, per provisions of Title 24 of the California Code of Regulations.

21. On information and belief, defendants' failure to provide access upon making "alterations, structural repairs, or additions" to Sonoma Grove and its facilities, is part of defendants' common pattern and practice concerning disabled access.

22. At all times herein mentioned, defendants knew, or in the exercise of reasonable diligence should have known, that their barriers and practices at Sonoma Grove violated disabled access requirements and standards and had a discriminatory effect upon plaintiffs and upon other physically disabled persons, but defendants have refused to rectify the violations, and presently continue a course of conduct that discriminates against plaintiffs and other persons with disabilities.

23. On information and belief, defendants have violated State and Federal disabled access requirements in other respects at Sonoma Grove, including the requirements of the Americans With Disabilities Act of 1990, according to proof.

24. On information and belief, Sonoma Grove and its facilities deny full and equal access to disabled persons in other respects due to non-compliance with the requirements of the law from the American Standards Association (as incorporated by Health and Safety Code § 19955); of Title 24 of the California Code of Regulations; of Health & Safety Code §§ 19955, et seq.; and of Civil Code §§ 54 and 54.1, et seq., according to proof.

FIRST CAUSE OF ACTION:

DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND
EQUAL ACCESS TO A PUBLIC ACCOMMODATION ON THE BASIS OF
DISABILITY

(HEALTH & SAFETY CODE §§ 19955-59; CIVIL CODE §§ 54, 54.1, 54.3
& 55, INCLUDING DISABLED PERSONS ACT)

7

25. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 24 above.

26. Each of the plaintiffs was and is at all times relative to this complaint a "physically disabled" person or "physically handicapped" person under standards as defined by all California statutes using these terms. Each plaintiff is also an "individual with a disability" as defined by California Civil Code § 54(b), as well as §3(2) of the Americans With Disabilities Act of 1990, a violation of which Act is incorporated by reference as a separate violation of California Civil Code §§54(c) and 54.1(d) . Hereinafter, the words "person with a disability," "physically disabled" and "physically handicapped" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health and Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§54, 54.1, 54.3 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons" or "persons with disabilities."

27. Health & Safety Code §19955 provides in pertinent part:

(a) The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with section4450) of Division 5 of Title 1 of the Government Code. For the purposes of this part "public accommodation or facilities" means a building, structure, facility, complex, or improved area which is used by the general public and shall include auditoriums, hospitals, theaters, restaurants, hotels, motels, stadiums, and conventions centers.

28. Health & Safety Code §§ 19955 and 19955.5 were enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with section 4450) of Division 5 of Title 1 of the Government Code." On information and belief the provisions of both Health and Safety Code §§ 19955 and 19955.5, apply to Sonoma Grove. These statutes also require that "[w]hen sanitary facilities are made available for the public, clients, or employees ..., they shall be made available for persons with disabilities." Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with

the specifications of Title 24 whenever each such "alteration, structural repair or addition" was carried out. On information and belief, defendants and/or their predecessors in interest carried out alterations, structural repairs, or additions to the building during the period Title 24 has been in effect. On information and belief, alterations, structural repairs, or additions which triggered access requirements also occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect, pursuant to the incorporated provisions of §4450*ff* Government Code.

29. Plaintiffs are informed and believe and thereon allege that defendants, and their predecessors in interest as owners, operators and/or lessors and/or lessees of Sonoma Grove (for which the defendants as current owners, operators and/or lessors and lessees of the building are responsible), and each of them caused the subject properties to be constructed, altered, operated, and maintained in such a manner that physically disabled persons were denied full and equal access to, within and throughout said facilities, and full and equal use of said facilities. Further, on information and belief, defendants and each of them have continued to maintain and operate Sonoma Grove facilities in such condition up to the present time, despite actual and constructive notice to such defendants, and each of them, that the facilities were in violation of the Civil Rights of disabled persons. Such construction, modification, ownership, operation, maintenance and practices of such a public facility is in violation of law as stated in Part 5.5, Sections Health and Safety Code 19955*ff*, Civil Code §§ 54 and 54.1, et seq., and elsewhere in the laws of California.

30. At all times relevant to this action, California Civil Code §§ 54 and 54.1 have provided that physically disabled persons are not to be discriminated against because of physical handicap or disability. Civil Code § 54 provides: Individuals with disabilities shall have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places. Civil Code § 54.1 provides that:

(a)(1) Individuals with disabilities shall be entitled to full and equal access, as

other members of the general public, to accommodations, advantages, facilities, medical facilities,... and privileges of all common carriers, airplanes, motor vehicles,...or any other public conveyances or modes of transportation, ... hotels, lodging places, places of public accommodation and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or federal regulations, and applicable alike to all other persons.

31. California Civil Code §54.3 provides that any person or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Civil Code §§ 54 and 54.1 is liable for each such offense for the actual damages and any amount up to a maximum of three times the amount of actual damages but in no case less than $1,000 and such attorney fees that may be determined by the Court in addition thereto, suffered by any person denied any of the rights provided in §§ 54 and 54.1, for services necessary to enforce those rights.

32. As a result of the refusal by defendants and each of them to comply with statutory requirements or otherwise provide reasonable access for disabled persons to the subject public facilities, plaintiffs and other persons with disabilities have been denied and continue to be denied their rights to full and equal access to, and use of, public facilities, and were and continue to be discriminated against on the sole basis that they are physically disabled and unable to make full and equal use of the facilities.

33. Plaintiffs are persons within the meaning of Civil Code §§ 54 and 54.1 whose rights have been infringed upon and violated by the defendants.  On information and belief, defendants have failed to act to provide full and equal public access to Sonoma Grove and its facilities, and to other similar facilites which they own and/or operate in the State of California.  Defendants continue to operate Sonoma Grove and their other facilities in violation of the law and continue to discriminate against physically disabled persons by failing to allow proper access to and within their buildings and facilities.

34. Further, any violation of the Americans With Disabilities Act of 1990 (as pled in the Third Cause of Action hereinbelow, the contents of which are repled and incorporated herein, as if separately repled), also constitutes a violation of California Civil Code § 54(c) and § 54.1(d),

1    thus independently justifying an award of damages and injunctive relief pursuant to California

2    law on this basis, including but not limited to Civil Code §§ 54.3 and 55.

3        35. INJUNCTIVE RELIEF: The acts and omissions of defendants as complained of

4    continue on a day-to-day basis to have the effect of allowing defendants to wrongfully exclude

5    plaintiffs, and other members of the public who are physically disabled, from full and equal

6    access to Sonoma Grove. Such acts and omissions are the continuing cause of humiliation and

7    mental and emotional suffering to plaintiffs and other persons with physical disabilities in that

8    these actions treat them as inferior and second class citizens and serve to discriminate against

9    them, so long as defendants do not provide properly accessible, safe and equal use of such

10   facilities. Said acts have proximately caused and will continue to cause irreparable injury to

11   plaintiffs if not enjoined by this court.

12       36. Plaintiffs seek injunctive relief, pursuant to Health and Safety Code § 19953 and Civil

13   Code § 55, prohibiting those of the defendants that currently own, operate, and/or lease Sonoma

14   Grove, from maintaining architectural barriers to the use by disabled persons of public

15   accommodations and facilities, in violation of Part 5.5, Health and Safety Code §§ 19955*ff*.

16   Plaintiffs seek to require such defendants to provide facilities which are accessible to and usable

17   by physically disabled persons.

18       37. DAMAGES: Plaintiffs have each been damaged by defendants' wrongful conduct and

19   seek the relief that is afforded by Civil Code §§ 54.1, 54.3 and 55. Each plaintiff seeks actual

20   damages, and statutory and treble damages against defendants for all periods of time mentioned

21   herein.

22       38. ATTORNEY FEES: As a result of defendants' acts and omissions, plaintiffs have

23   been required to incur legal expenses and hire attorneys in order to enforce their rights and to

24   enforce provisions of the law protecting access for the disabled and prohibiting discrimination

25   against the disabled, and to take such action both in their own interest and in order to enforce an

26   important right affecting the public interest. Plaintiffs therefore seek recovery of reasonable

27   attorney fees  for attorneys David Grabill and Edie Sussman, litigation expenses and costs

28

1   incurred for all counsel, pursuant to the provisions of California Code of Civil Procedure §

2   1021.5. Plaintiff additionally seek attorney fees for attorneys David Grabill and Edie Sussman

3   and costs for all counsel pursuant to Health and Safety Code § 19953.

4         39. WHEREFORE, plaintiffs ask this Court to enjoin any continuing refusal by the

5   defendants that currently own, operate, and or manage Sonoma Grove, to grant such access to

6   plaintiffs and other physically disabled persons, or alternatively to enjoin operation of Sonoma

7   Grove as a public accommodation, until such defendants comply with all applicable statutory

8   requirements relating to access to physically disabled persons, and that the Court award to

9   plaintiffs statutory attorney fees, litigation expenses and costs pursuant to Civil Code §§ 54.3 and

10   55, Code of Civil Procedure § 1021.5, and Health & Safety Code § 19953, as further prayed for

11   herein.

12         WHEREFORE, plaintiffs pray for damages and injunctive relief as hereinafter stated.

13   SECOND CAUSE OF ACTION:

14   VIOLATION OF UNRUH CIVIL RIGHTS ACT<br>CALIFORNIA CIVIL CODE SECTIONS 51 AND 52,

15   ON THE BASIS OF DISABILITY

16         40. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

17   factual allegations contained in Paragraphs 1 through 39, above, and incorporate them herein by

18   reference as if separately repled hereafter.

19         41. At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code §

20   51(b), provided that:

21         All persons within the jurisdiction of this state are free and equal, and no matter

22         what their sex, race, color, religion, ancestry, national origin, disability, or medical
      condition are entitled to the full and equal accommodations, advantages, facilities,
      privileges, or services in all business establishments of every kind whatsoever.

23   Per § 51(f), "[a] violation of the right of any individual under the Americans With Disabilities

24   Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

25         42. Plaintiffs have suffered damages as above described as a result of defendants'

26   violation of California Civil Code §§ 51(b) and 51(f) in multiple regards, including but not

27

28
12<br>**COMPLAINT**

limited to violations of the ADA, as described in the Third Cause of Action, *infra*, the contents of which cause of action is incorporated herein as if separately repled. California Civil Code § 52(a) provides that each such violation entitles plaintiffs to "the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto..."

WHEREFORE, plaintiffs pray for damages and injunctive relief as hereinafter stated.

THIRD CAUSE OF ACTION:

VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

42 USC § 12101ff

43. Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 42 above.

44. Pursuant to law, in 1990 the United States Congress made findings per 42 U.S.C. §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43,000,000 Americans" with "one or more physical or mental disabilities;" that "historically, society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous..."

45. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b)):

It is the purpose of this Act –
(1) to provide a clear and comprehensive national mandate for
the elimination of discrimination against individuals with disabilities;
(2) to provide clear, strong, consistent, enforceable standards
addressing discrimination against individuals with disabilities;

1    (3) to ensure that the Federal Government plays a central role
     in enforcing the standards established in this Act on behalf of
2    individuals with disabilities; and
     (4) to invoke the sweep of congressional authority, including
3    the power to enforce the fourteenth amendment and to regulate
     commerce, in order to address the major areas of discrimination faced
4    day-to-day by people with disabilities.

5        46. As part of the Americans with Disabilities Act, Public Law 101-336, Congress passed

6    "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC

7    12181ff). Among "private entities" which are considered "public accommodations" for purposes

8    of this title were "an inn, hotel, motel, or other place of lodging." (§301(7)(A) [42 U.S.C.

9    §12181].)

10       47. Pursuant to §302 [42 USC §12182], "[n]o individual shall be discriminated against on

11   the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges,

12   advantages, or accommodations of any place of public accommodation by any person who owns,

13   leases, or leases to, or operates a place of public accommodation."

14       48. Among the general prohibitions of discrimination were included, in §302(b)(1)(A):

15   §302(b)(1)(A)(i):

16       "DENIAL OF PARTICIPATION. -- It shall be discriminatory to subject an
         individual or class of individuals on the basis of a disability or disabilities of such
17       individual or class, directly, or through contractual, licensing, or other
         arrangements, to a denial of the opportunity of the individual or class to
18       participate in or benefit from the goods, services, facilities, privileges, advantages,
         or accommodations of an entity."
19
     §302(b)(1)(A)(ii):
20
21       "PARTICIPATION IN UNEQUAL BENEFIT -- It shall be discriminatory to
         afford an individual or class of individuals, on the basis of a disability or
         disabilities of such individual or class, directly, or through contractual, licensing,
22       or other arrangements with the opportunity to participate in or benefit from a
         good, service, facility, privilege, advantage, or accommodation that is not equal to
23       that afforded to other individuals."

24   §302(b)(1)(A)(iii):

25       "SEPARATE BENEFIT. -- It shall be discriminatory to provide an individual or
         class of individuals, on the basis of a disability or disabilities of such individual or
26       class, directly, or through contractual, licensing, or other arrangements with a
         good, service, facility, privilege, advantage, or accommodation that is different or
27       separate from that provided to other individuals, unless such action is necessary to

28
         _____
                              14
                         **COMPLAINT**

provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others."

49. Among the specific prohibitions against discrimination were included:

§302(b)(2)(A)(ii):

"a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§302(b)(2)(A)(iii):

"a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;"

§302(b)(2)(A)(iv):

"a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v):

"where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of defendants set forth herein were in violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

50. The removal of each of the barriers complained of by plaintiffs as hereinabove alleged were - at all times on or after January 26, 1992 - "readily achievable" under the standards of the Americans With Disabilities Act of 1990. Further, on information and belief, alterations, structural repairs or additions since January 26, 1992 have also independently triggered requirements for removal of barriers to access for disabled persons per § 303 of the ADA, as well as per California Health and Safety Code § 19959.

51. Further, if defendants are able to "demonstrate" that it was not "readily achievable" for defendants to remove each of such barriers, defendants have failed to make the required

services available through alternative methods which were readily achievable, as required by § 302 of the ADA [42 U.S.C. §12182].

52. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, § 308, plaintiffs are entitled to the remedies and procedures set forth in § 204, subsection (a), of the Civil Rights Act of 1964 (42 USC 2000a-3, at subsection (a)), as each plaintiff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he/she is about to be subjected to discrimination in violation of §§ 302 and 303. On information and belief, defendants have continued to violate the law and deny the rights of plaintiffs and of other disabled persons to access these public accommodations.  Pursuant to § 308(a)(2), "[i]n cases of violations of § 302(b)(2)(A)(iv)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

53. As a result of defendants' acts and omissions in this regard, plaintiffs have been required to incur legal expenses and attorney fees, as provided by statute, in order to enforce their rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiffs therefore seek recovery of reasonable attorney fees fpr  attorneys David Grabill and Edie Sussman, along with litigation expenses (including expert consultant and expert witness fees) and costs for all counsel, pursuant to the provisions of section 505 of the ADA (42 U.S.C. 12205) and the Department of Justice's regulations for enforcement of Title III of the ADA (28 CFR 36.505). Additionally, plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiff, but also to require the defendants to make their facilities accessible to all disabled members of the public, justifying "public interest" attorney fees for attorneys David Grabill and Edie Sussman and costs for all counsel pursuant to the provisions of California Code of Civil Procedure § 1021.5.

//

//

//

PRAYER

WHEREFORE, plaintiffs pray for an award and relief as follows:

1. That those of the defendants that currently own, operate, and or lease Sonoma Grove be preliminarily and permanently enjoined from operating and maintaining the public facilities of Sonoma Grove as public accommodations, so long as disabled persons are not provided full and equal access to the accommodations and facilities, in violation of provisions of §§ 54, 54.1, and 55 et seq., of the Civil Code, §§ 19955 et seq. Health & Safety Code, § 4450, et seq. Government Code, the American Standard Specifications (A117.1-1961), or such other standards, including those of the State Architect's Regulations for Handicapped Access, as found in Title 24 of the California Code of Regulations or other regulations as are currently required by law; and that defendants be ordered to come into compliance with the Americans with Disabilities Act of 1990, including an order that those of the defendants that currently own, operate, and/or lease Sonoma Grove, *inter alia*, "alter the subject facilities to make such facilities readily accessible to and usable by individuals with disabilities," and institute reasonable modifications in policies and practices, per §308 of Public Law 101-336 (the ADA);

2. That each plaintiff be awarded general, compensatory, and statutory damages, and all damages as afforded by Civil Code §§ 52 and 54.3, including treble damages, for each violation, as determined by the Court, for which defendants have denied to plaintiffs equal access for the disabled, according to proof.

3. That plaintiffs be awarded reasonable attorney fees for attorneys David Grabill and Edie Sussman, litigation expenses and costs for all counsel per California Civil Code §§ 52, 54.3 and 55, Health & Safety Code § 19953, Code of Civil Procedure § 1021.5, and §505 of the ADA;

4. For all costs of suit;

5. Such other and further relief as the Court may deem just and proper.

Dated: May __, 2006

_____
DAVID GRABILL
Attorney for Plaintiffs

1

2                          DEMAND FOR JURY TRIAL

3           Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

4           Dated: May __, 2006

5                                    _____

6                                    DAVID GRABILL
                                     Attorney for Plaintiffs

7

8               CERTIFICATION OF INTERESTED ENTITIES OR PARTIES

9           Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

10   named parties, there is no such interest to report.

11          Dated: May __, 2006

12                                   _____

13                                   DAVID GRABILL
                                     Attorney for Plaintiffs

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28